**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE DISTRICT COUNCIL NO. )
14 METAL POLISHERS 401(K) RETIREMENT )
PLAN FUND; and TRUSTEES OF THE )
CHICAGO PAINTERS AND DECORATORS )
WELFARE FUND, )
         ) No. 26-cv-6162
               Plaintiffs, )
    v. )
                            )
THE STONE AND METAL GROUP LLC, a )
foreign limited liability company, )
                            )
                            )
            Defendant )

## <u>COMPLAINT</u>

Plaintiffs, by and through their attorneys, PAUL M. EGAN, GRANT R. PIECHOCINSKI, JAMES R. ANDERSON, ANITA SALIU and ARNOLD AND KADJAN, LLP, complain against the Defendant, THE STONE AND METAL GROUP LLC, as follows:

1.      This court has subject matter jurisdiction and pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185(a), and Section 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. Section 1132 (e)(1), 1145 and 28 U.S.C. Section 1331, and federal common law.

2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs' Funds are administered in this judicial district.

3.      The Plaintiffs are the Trustees of the District Council No. 14 Metal Polishers

1

401(k) Retirement Plan Fund ("Retirement Fund") and the Trustees of the Chicago Painters and Decorators Welfare Fund ("Welfare Fund") (collectively "the Funds"). The Funds standing to sue is pursuant to 29 U.S.C. Section 1132 (d)(1).

4. The Retirement Fund is an employee retirement plan fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers in the Chicago Metal Contractors Bargaining Association for the purpose of providing retirement benefits to employees.

5. The Retirement Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provision of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Retirement Fund.

6. The Welfare Fund is an employee benefit fund in that it was established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and certain employers for the purpose of providing benefits to employees.

7. The Welfare Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreement") which established the Welfare Fund.

8. The Stone and Metal Group LLC ("Stone and Metal") at all pertinent times herein, has been a party to collective bargaining agreements ("Labor Agreement") between The Chicago Metal Contractors Bargaining Association and the Union. A copy of the most recent

2

Agreements are attached as Exhibits "A" (Memorandum of Agreement) and "B" (Collective Bargaining Agreement) respectively.

9. Pursuant to the provisions of the Labor Agreement, Stone and Metal has been required to make periodic contributions to the Retirement Plan Fund and to the Welfare Fund for its employees in accordance with the provisions of the Trust Agreements establishing the Funds.

10. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, Stone and Metal is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Retirement Fund and to the Welfare Fund. In addition, the Labor Agreement and the Trust Agreements require Stone and Metal to pay liquidated damages, penalties, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

11. Stone and Metal has breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to submit all of the required contributions to the Plaintiffs at certain times during the period from September 1, 2025 through the present. Stone and Metal breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to pay all of the damages which it owes upon contribution reports which were not paid in conformity with the due dates in the Collective Bargaining Agreement. An audit is necessary to determine the extent of Plaintiffs' damages.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That Stone and Metal be ordered to produce reports and contributions for the period from September 1, 2025 through the present; and its books and records for a fringe benefit fund contribution compliance audit for the period from September 1, 2025 through the present;

B.      That judgment be entered in favor of Plaintiffs and against Stone and Metal for amounts shown to be due for an audit for the period from September 1, 2025 through the present, and for any and all unpaid liquidated damages and penalties which are owed by Stone and Metal to the Funds;

C.      That Plaintiffs be awarded their costs herein, incurred in the prosecution of this action, together with liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

D.  That this Court award Plaintiffs such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

TRUSTEES OF THE DISTRICT COUNCIL NO. 14
METAL POLISHERS 401 (k) RETIREMENT PLAN
FUND, et al.


By:  /s/ James R. Anderson
        One of Plaintiffs' attorneys

PAUL M. EGAN
GRANT R. PIECHOCINSKI
JAMES R. ANDERSON
ANITA SALIU
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, IL 60601
(312) 236-0415

4